UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY ELIZABETH OLIVER,
# 655262,

    Petitioner,                                   Case No. 10-cv-15145

v.                                             HONORABLE STEPHEN J. MURPHY, III

MILLICENT WARREN,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING PETITION FOR WRIT OF HABEAS
## CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Ashley Elizabeth OliverJanuary 11, 2011, currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On July 11, 2007, Oliver pleaded guilty to operating under the influence causing death, Mich. Comp. Laws § 257.6254, in the Genesee County, Michigan, circuit court, and was sentenced to ten to fifteen years in prison. Oliver alleges the four claims in her petition: 1) the trial court denied her due process and equal protection when it scored fifteen points on Offense Variable 5 and twenty-five points on Offense Variable 6; 2) the trial court denied her due process and equal protection when it failed to take into account all mitigating evidence in sentencing her; 3) the trial court erred in resentencing her to ten to fifteen years in prison; and 4) the trial court denied her due process and equal protection when it denied her motion for modification of restitution.

For the reasons stated below, the Court summarily dismisses the habeas petition

and declines to issue a certificate of appealability.

## BACKGROUND FACTS

Following Oliver's sentencing, she filed an application for leave to appeal with the Michigan Court of Appeals, raising the same claims raised in this petition. The Michigan Court of Appeals denied her application on August 19, 2008. *People v. Oliver*, No. 286369 (Mich. Ct. App. Aug. 19, 2008). Oliver then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, raising the same claims. On January 23, 2009, the Supreme Court, in lieu of granting leave to appeal, reversed the Court of Appeals's judgment, vacated Oliver's sentence, and remanded her case to the trial court for resentencing, because the trial judge failed to offer a valid explanation justifying why he chose to sentence her above the sentencing guidelines. *People v. Oliver*, 483 Mich. 879 (2009).

On April 23, 2009, the trial judge resentenced Oliver to the same sentence – ten to fifteen years in prison.

Oliver subsequently filed an application for leave to appeal the trial judge's resentencing with the Michigan Court of Appeals, which was denied on May 24, 2010. *People v. Oliver*, No. 297513 (Mich. Ct .App. May 24, 2010). On September 29, 2010, the Michigan Supreme Court also denied Oliver's application for leave to appeal. *People v. Oliver*, --- Mich. ---, 788 N.W.2d 662 (2010).

On December 28, 2010, Oliver filed this habeas petition, raising the same claims raised in both state appellate courts.

## DISCUSSION

All federal habeas corpus petitions are subject to preliminary screening by the district court. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ

of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" (Emphasis added)); *see also* Rule 4, Rules Governing Section 2254 Cases (requiring district court to summarily dismiss habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ."); Rule 1(b), Rules Governing Section 2254 Cases (providing that district court may apply Rules Governing Section 2254 Cases, such as Rule 4, to habeas petitions brought under § 2241); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). After review, the Court finds that the habeas petition is subject to summary dismissal.

A.  Sentencing Claims (Claims I, II, and III)

Oliver's first three claims involve her sentencing before the trial court. In her first claim, Oliver contends that the trial court incorrectly scored Offense Variables 5 and 6 under the Michigan Sentencing Guidelines. In her second claim, she argues that the trial court failed to take into account all mitigating evidence in sentencing her. In Oliver's third claim, she alleges that the trial court erred in resentencing her and improperly departed above the sentencing guidelines in imposing the sentence of ten to fifteen years. These claims do not entitle Oliver to habeas relief.

First, Oliver's claim that the trial court incorrectly applied the state's sentencing statutes and guidelines is not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x. 52, 53 (6th Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("'[F]ederal habeas corpus relief does not lie for errors of state law.'"). Oliver lacks a state-created interest in

having the Michigan Sentencing Guidelines applied rigidly in determining her sentence, so her due process claim is a non-starter. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Therefore, her claim that the sentencing guidelines were incorrectly scored fails to state a valid habeas claim.

Likewise, Oliver's related claim that the state trial court improperly departed above the sentencing guidelines range does not entitle her to habeas relief. *See Drew v. Tessmer*, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).

In her second sentencing claim, Oliver alleges that the trial court deprived her of due process and equal protection of the law under the Michigan and U.S. Constitutions by failing to consider all mitigating evidence at sentencing. She further alleges that her trial attorney was ineffective for failing to introduce mitigation evidence. "The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases." *Engle v. United States*, 26 F.App'x. 394, 397 (6th Cir.2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991)). The Due Process and Equal Protection Clauses also are not violated "when the trial court does not consider mitigating factors during sentencing in a noncapital case." *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995). Because this is not a capital case, Oliver's constitutional rights could not have been violated by the trial court's alleged failure to consider all mitigating evidence.

Oliver's related claim that her counsel was ineffective for not objecting to the Court's refusal to consider mitigation evidence also fails. Because there is no federal constitutional right to have a court consider mitigating evidence in a noncapital case, her counsel was not ineffective for failing to raise the baseless objection that the court failed to consider any

such evidence. Likewise, because, as Petitioner recognizes in her brief in support of her petition, Michigan sentencing guidelines do not specifically provide that sentencing courts consider mitigating evidence, counsel could not have been ineffective for failing to raise a baseless objection. *Cf. Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist.").

Oliver argues in her third claim that entitled to be resentenced for a third time. She cites no federal basis for this request, and presumably wishes for simply another chance to persuade the trial court, in its discretion, to sentence her to a short prison term. The issue of resentencing is purely a matter of state law. A claim that the trial court violated state law in sentencing raises only issues of state law, which are not cognizable on federal habeas review. *See Welch*, 49 F. Supp. 2d at 1009.

B. Restitution Claim (Claim IV)

In Oliver's final claim, she asserts that the trial court deprived her of due process and equal protection when it denied her motion for modification of restitution. This claim is not cognizable on federal habeas review.

Where a habeas petitioner challenges the imposition of a fine or other costs, federal habeas review cannot provide relief. *Cf. United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) ("'A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes.'" (quoting *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994)). Continuing liability under a restitution order is similar to a "fine-only" conviction, and is not a serious restraint on liberty so as to warrant habeas relief. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (quoting *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984)); *see also Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (imposition of restitution order as part of California state sentence could not be

challenged under habeas statute because restitution did not affect duration of habeas petitioner's state custody). Because the appropriate relief would be through an amendment of the court's order of restitution rather than release from custody, granting a writ of habeas corpus or other post-conviction relief would be inappropriate here. *See United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998). Accordingly, Oliver is not entitled to relief on this claim.

C. <u>Certificate of Appealability</u>

Oliver must receive a certificate of appealability in order to appeal the Court's denial of her petition. 28 U.S.C. §§ 2253(c)(1)(A), (B). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue a deny a certificate of appealability when it enters a final order adverse to the petitioner. Rule 11(a). If the district court declines to issue a certificate, the petitioner can seek one from the circuit court. *Id.*; Fed. R. App. P. 22(b).

A court may issue a certificate only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not debate its ruling requiring the dismissal of Oliver's petition. Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION AND ORDER**

For the reasons stated above, the Court concludes that Oliver's habeas petition must be summarily dismissed.

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  January 13, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2011, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager